1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA, a foreign corporation,

         Plaintiff,

      v.

HEATHERWOOD AT LAKELAND
OWNERS ASSOCIATION, a Washington
nonprofit corporation, HEATHERWOOD
L.L.C., a Washington limited liability company;
and TARRAGON COMMUNITIES, INC., a
Washington corporation,

         Defendants.

Case No. C08-5000RJB

ORDER GRANTING, IN PART, AND
DENYING, IN PART
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER

    This matter comes before the Court on Defendants' Motion for Protective Order (Dkt. 12)
and Motion to Strike (Dkt. 15). The Court has considered the pleadings filed in support of and in
opposition to these motions and the file herein.

## I.    FACTS

    Heatherwood L.L.C. ("Heatherwood"), contracted with Tarragon Communities Inc.,
("Tarragon") to be the general contractor to construct a 92-unit condominium project in Auburn,
Washington, called Heatherwood at Lakewood Condominiums.  Dkt. 14-2, at 2.  In 2006,
Heatherwood at Lakeland Owners Association ("HOA") filed an action in Pierce County,
Washington Superior Court, ("underlying litigation"), alleging construction defects against

1   Heatherwood. Dkt. 12-3, at 2. Heatherwood was the declarant with respect to the project pursuant

2   to R.C.W. 64.34.020(13). *Id.* Heatherwood filed third party claims against the subcontractors who

3   worked on the project. Dkt. 12-3, at 43.

4        The HOA and Heatherwood settled the dispute between them for 8.9 million dollars. Dkt.

5   12-3, at 2. Of the 8.9 million dollars, Heatherwood paid $10,000 itself, and Heatherwood's primary

6   insurance company, Steadfast Insurance Company, paid $1,250,000. Dkt. 12-3, at 2. As

7   consideration for the remaining settlement amount, Heatherwood assigned to the HOA their rights

8   against: 1) the subcontractors that performed work on the condominiums and 2) the excess insurer,

9   Insurance Company of the State of Pennsylvania ("ICSOP"), who is the Plaintiff here. *Id.*

10        On December 5, 2007, the HOA moved the trial court in the underlying litigation for a

11   determination that the settlement was reasonable pursuant to RCW 4.22.060. Dkt. 12-3, at 3. The

12   record includes a declaration from ICSOP's counsel's legal assistant. Dkt. 14-5, at 10. She states

13   that on December 13, 2007, ICSOP's counsel gave her, among other pleadings, a Motion to

14   Intervene and a Motion to Continue the Reasonableness Hearing. Dkt. 14-5, at 11. She states that

15   she gave the pleadings to a messenger service, and received confirmation from the service that the

16   documents had been delivered to the court. *Id.* For whatever reason, the pleadings were not

17   received by the Superior Court. *Id.*

18        On December 21, 2007, a Pierce County, Washington Superior Court Judge held a hearing in

19   the underlying litigation. Dkt. 14-6, at 2. Due to the fact that the ICSOP's Motion to Intervene and

20   Motion to Continue were not properly noted, the Court declined to hear the motions. Dkt. 14-6, at

21   14. The Court granted the HOA's motion and found the settlement reasonable. Dkt. 12-3, at 43.

22   The Court stated that it was "making no finding on the binding effect or the non-binding effect" to

23   ICSOP as the excess carrier. Dkt. 14-6, at 36. That statement was, apparently, made part of the

24   court's order finding the settlement reasonable. Dkt. 12-3 at 48.

25

26   ORDER - 2

1    ICSOP filed a Motion for Reconsideration of the Superior Court's December 21, 2007 Order

2    Granting Plaintiff's Motion for Reasonableness Determination, to Vacate December 21, 2007 Order,

3    to Allow Limited Discovery, and to Reschedule Hearing.  Dkt. 16, at 29.

4    On January 2, 2008, ICSOP filed this declaratory suit, seeking a declaratory judgment

5    regarding coverage of obligations.   Dkt. 1.

6    On January 25, 2008, the Pierce County Superior Court granted ICSOP's Motion to

7    Intervene for the limited purpose of filing a motion for reconsideration.  Dkt. 14-7, at 2.  The

8    Superior Court then denied ICSOP's Motion for Reconsideration.  Dkt. 14-7, at 6.

9    Although the HOA's claims against the subcontractors are still pending, ICSOP filed a

10   Motion for Entry of Final Judgment on March 13, 2008.  Dkt. 21-2, at 10.  The Superior Court

11   denied the Motion for Entry of Final Judgment, and ICSOP filed an interlocutory appeal with the

12   Washington State Court of Appeals, Division II.  *Id.*  ICSOP identified the following as the issues to

13   be decided:

> 1.   Was the trial court's refusal to continue the December 21, 2007 hearing on
> Plaintiff's/Respondent's Motion for Determination of Reasonableness of Settlement
> with Defendant an abuse of discretion when a short continuance to allow
> Intervenor/Petitioner to re-file its motion to intervene and motion to continue the
> reasonableness hearing would not have prejudiced any party?
> 2.   Was the trial court's denial of Intervenor/Petitioner's omnibus Motion for
> Reconsideration of the Superior Court's December 21, 2007 Order Granting
> Plaintiff's Motion for Reasonableness Determination, to Vacate December 21, 2007
> Order, to Allow Limited Discovery, and to Reschedule Hearing an abuse of discretion
> when Intervenor/Petitioner had not been afforded an opportunity to complete its
> investigation of the claims against its putative insured relative to the settlement terms
> and/or to meaningfully participate in the reasonableness hearing?
> 3.   Is 10 days' notice of a motion to determine the reasonableness of a settlement an
> insufficient and/or an unreasonable amount of time to afford an excess insurer that has
> no duty to defend its putative insured a sufficient opportunity to investigate the terms
> of the settlement relative to the claims against the putative insured?

Dkt. 21-2, at 3-4.  The Washington State Court of Appeals denied the motion for discretionary

review.  Dkt. 22, at 4.

In the Motion for Protective Order currently pending before this Court, the HOA seeks to bar

ORDER - 3

1   ICSOP's following discovery requests:

2   •       Deposition of the HOA's consulting experts which were given to them by Heatherwood

3           L.L.C. and Tarragon Communities Inc.,

4   •       Allow ICSOP's expert to conduct a full investigation of the construction conditions at the

5           condominiums,

6   •       A deposition pursuant to Fed. R. Civ. P. 30(b)(6) of Heatherwood L.L.C., and

7   •       An investigation of the condominiums pursuant to Fed. R. Civ. P. 34.

8   Dkt. 12, at 6-7.  The HOA also originally requested a protective order for Heatherwood's and

9   Tarragon's defense counsel's files.  *Id.*  However, in the materials filed by ICSOP, the record

10  indicates that the HOA agreed to turn over the defense files on the date this motion was filed.  Dkt.

11  14-5, at 5.

12          In moving for the protective order, the HOA argues that:  1) ICSOP has already litigated

13  these discovery issues and lost twice, 2) ICSOP's discovery requests violate the *Rooker-Feldman*

14  doctrine, and ICSOP's desired discovery is barred by collateral estoppel and comity, and 3)

15  discovery into consulting experts' opinions is unwarranted and improper.  Dkt. 12.

16          ICSOP opposes the HOA's motion for a protective order, arguing that 1) the disputed

17  discovery is necessary for ICSOP's claims and those defenses, 2) neither the *Rooker-Feldman*

18  doctrine, nor collateral estoppel, nor comity have any bearing on ICSOP's entitlement to the

19  requested discovery, and 3) Fed. R. Civ. P. 26(b)(4)(B) does not bar these critical requests.  Dkt. 13

20          The HOA replies, and argues that: 1) ICSOP's discovery requests violate the *Rooker-*

21  *Feldman* doctrine, 2) ICSOP's discovery requests violate collateral estoppel, and undermine comity,

22  and  3) discovery into consultive experts' opinions is unwarranted and improper.  Dkt. 15.

23          The HOA also moves to strike the Declarations of Thomas J. Braun and Richard A. Dethlefs,

24  both submitted in support of ICSOP's opposition to the motion.  Dkt. 15.  The HOA points out that

25  the declarations were not sworn under the penalty of perjury.  *Id*

26  ORDER - 4

1   This opinion will first address the Motion to Strike (Dkt. 15) and then turn to the Motion for

2   a Protective Order (Dkt. 12).

3                                    **II.    DISCUSSION**

4   **A.    MOTION TO STRIKE**

5        The HOA's Motion to Strike the Declarations of Mr. Braun and Mr. Dethlefs (Dkt. 15)

6   should be denied.  ISCOP filed a document curing the defect of which the HOA complains.  Dkt. 18.

7    The Motion to Strike (Dkt. 15) should be denied.

8   **B.    MOTION FOR A PROTECTIVE ORDER**

9        Fed. R. Civ. Pro. 26 (c) (1) provides, that "[a] party or any person from whom discovery is

10  sought may move for a protective order in the court where the action is pending--or as an alternative

11  on matters relating to a deposition, in the court for the district where the deposition will be taken."

12  Under Rule 26 (c) (1),

13           The court may, for good cause, issue an order to protect a party or person from
             annoyance, embarrassment, oppression, or undue burden or expense, including one or
14           more of the following . . . forbidding the disclosure or discovery; . . . specifying
             terms, including time and place, for the disclosure or discovery; . . . prescribing a
15           discovery method other than the one selected by the party seeking discovery; . .
             .forbidding inquiry into certain matters, or limiting the scope of disclosure or
16           discovery to certain matters . . .

17  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of

18  showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State*

19  *Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

20       The HOA argues that the sought after discovery should be protected because the requests

21  violate the *Rooker-Feldman* doctrine, are collaterally estopped, raises comity concerns, and are

22  barred by Fed. R. Civ. P. 26(b)(4)(B).  Dkt. 12.  Each of these issues will be examined in turn to

23  determine if the HOA has shown that good cause exists for a protective order.

24           *1.    ROOKER-FELDMAN DOCTRINE*

25       "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to

26  ORDER - 5

1   hear a direct appeal from the final judgment of a state court." *Noel v. Hall,* 341 F.3d 1148, 1154

2   (9th Cir. 2003). "The *Rooker-Feldman* doctrine bars a losing party in state court from seeking what

3   in substance would be appellate review of the state judgment in a United States district court, based

4   on the losing party's claim that the state judgment itself violates the loser's federal rights." *In re*

5   *Harbin*, 486 F.3d 510 (9th Cir. 2007)(*internal citations omitted*).

6           The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the
            doctrine acquired its name: cases brought by state-court losers complaining of injuries
7           caused by state-court judgments rendered before the district court proceedings
            commenced and inviting district court review and rejection of those judgments.
8           *Rooker -Feldman* does not otherwise override or supplant preclusion doctrine or
            augment the circumscribed doctrines that allow federal courts to stay or dismiss
9           proceedings in deference to state-court actions.

10  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* 544 U.S. 280, 284 (2005). "Rooker-Feldman

11  may also apply where the parties do not directly contest the merits of a state court decision, as the

12  doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is

13  a *de facto* appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859

14  (9th Cir.2008)(*internal citations omitted*). "[W]here claims raised in the federal court action are

15  inextricably intertwined with the state court's decision such that the adjudication of the federal claims

16  would undercut the state ruling or require the district court to interpret the application of state laws

17  or procedural rules" a federal action constitutes such a *de facto* appeal. *Id.* "The district court is in

18  essence being called upon to review the state court decision." *Id.*

19          The HOA fails to show that the discovery requests sought here violated the *Rooker -Feldman*

20  doctrine such that a protective order is required. No final judgment has been entered on any of the

21  state Superior Court decisions. The record indicates that the Superior Court denied ICSOP's motion

22  for the entry of a final judgment on the reasonableness of the settlement order and on the orders

23  denying the motion for reconsideration. To the extent that the HOA maintains that the discovery

24  requests are a "*de facto*" appeal, that argument fails as well. According to the Ninth Circuit, there

25  are two kinds of cases in which a "*de facto* appeal," forbidden under the *Rooker-Feldman* doctrine,

26  ORDER - 6

1   might be brought. *Noel v. Hall,* 341 F.3d 1148, 1163 (9th Cir. 2003).

2           "First, the federal plaintiff may complain of harm caused by a state court judgment that

3   directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an

4   allegedly erroneous ruling by that court." *Id.* Here, ICSOP seeks declaratory relief on "whether and

5   to what extent there is coverage under the ICSOP policies issued to Tarragon for the Claims

6   [asserted in the underlying suit] and for the Lawsuit." Dkt. 1, at 4. ICSOP's Complaint makes no

7   mention of challenging the Superior Court's ruling on the reasonableness of the settlement.

8   Accordingly, ICSOP does not complain of a harm caused by the "state court judgement," to the

9   extent that there is one.

10          The second forbidden *de facto* appeal identified by the Ninth Circuit, occurs where the

11  federal plaintiff complains of "a legal injury caused by a state court judgment, based on an allegedly

12  erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Id.* Here, no

13  showing has been made that ICSOP is complaining of a "legal injury caused by a state court

14  judgment." It seeks declaratory relief on the extent of the policy coverage. Moreover, ICSOP was

15  not "one of the litigants" until it was permitted to intervene for the limited purposes of filing a

16  motion for reconsideration, which was denied. The HOA has not shown that the claims raised in this

17  action are "inextricably intertwined" with the Superior Court decision on the reasonableness of the

18  settlement. *Reusser,* at 859.

19          The HOA has not shown that the discovery requests in this action are "inextricably

20  intertwined" with the Superior Court's decision on the reasonableness of the settlement or the orders

21  denying reconsideration of the determination that the settlement was reasonable. ICSOP makes a

22  sufficient case that the discovery sought is required in order to show that it is entitled to declaratory

23  relief and to defend against the pending counterclaims. (The HOA has asserted counterclaims for

24  bad faith, violations of Washington Consumer Protection Act, negligence, breach of contract, and

25  declaratory relief. Dkt. 8.) Although there may be some overlap in the kinds of discovery materials

26  ORDER - 7

1    sought, the HOA has not made an adequate showing that allowing the discovery here amounts to a

2    *de facto* appeal of the state court rulings. The HOA has not shown that there is good cause to issue a

3    protective order regarding these discovery requests based on the *Rooker -Feldman* doctrine.

4                  2.      *COLLATERAL ESTOPPEL AND COMITY*

5            The HOA argues that the doctrine of collateral estoppel and comity concerns bar the

6    discovery requests in this case.  Dkt. 12.

7            "Section 28 U.S.C. § 1738 generally requires federal courts to give preclusive effect to state-

8    court judgments whenever the courts of the State from which the judgments emerged would do so."

9    *Haring v. Prosise,* 462 U.S. 306, 313 (1983)(*internal citations omitted*).  Accordingly, federal

10   courts generally apply the doctrine of collateral estoppel under the law of the state in which the

11   action originated.  *Kay v. City of Rancho Palos Verde*, 504 F.3d 803, 808 (9th Cir. 2007).  Under

12   Washington law, "[b]efore the doctrine of collateral estoppel may be applied, the party asserting the

13   doctrine must prove: (1) the issue decided in the prior adjudication is identical with the one presented

14   in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3)

15   the party against whom the plea is asserted was a party or in privity with the party to the prior

16   adjudication; and (4) application of the doctrine does not work an injustice." *Thomson v.*

17   *Department of Licensing,* 138 Wn.2d 783, 790 (1999).  Comity is defined as "[t]he respect a court

18   of one state or jurisdiction shows to another state or jurisdiction in giving effect to the other's laws

19   and judicial decisions."  Black's Law Dictionary at 262 (7th ed. 1999).

20           As to the first factor in the Washington collateral estoppel test, whether the issue decided in

21   the prior adjudication is identical with the one presented here, the record only shows that the state

22   court declined to hear plaintiff's issues on procedural grounds.  The orders denying the motions

23   provide very little guidance.  The HOA has not carried it's burden as to the first factor.

24           In examining whether the prior adjudication has ended in a "final judgment on the merits"

25   (the second factor) parties have acknowledged that the Superior Court denied ICSOP's motion to

26   ORDER - 8

1   enter a final judgment, that the underlying litigation is proceeding in Pierce County Superior Court,

2   and that ICSOP's petition for interlocutory appeal with the Washington State Court of Appeals,

3   Division II was denied review.  Dkt. 21-2.  Accordingly, the prior adjudication has "not ended in a

4   final judgment on the merits," and the second factor has not been met.

5           It is doubtful whether the third factor has been met.  ISCOP was not a named defendant in

6   the underlying litigation.  It was permitted intervene solely to have it's motion for reconsideration

7   considered.  In applying the doctrine of collateral estoppel, the Court can not say that ICSOP was a

8   party under such limited circumstances.

9           As to the fourth factor, the HOA has not shown that "application of the doctrine does not

10  work an injustice."  *Thomson* at 790.  ISCOP alleges that it has not had an opportunity to investigate

11  several issues relating to the declaratory relief requested here.  Dkt. 13, at 5.  Particularly, ICSOP

12  argues that it has not been able to conduct discovery on claims and defenses relating to 1) the rights

13  and responsibilities of the parties in relation to the insurance policies in place or 2) the HOA's bad

14  faith allegations.  *Id.*

15          The discovery requests are not barred by collateral estoppel.  Moreover, in considering

16  comity, the HOA has not shown that any act taken by this Court is contrary to the acts of the Pierce

17  County, Washington Superior Court's acts.  Although aware of the challenges of parallel litigation

18  being conducted simultaneously in state and federal court, "[t]he rule that permits simultaneous

19  litigation in state and federal court of overlapping and even identical cases is deeply rooted in our

20  system."  *Noel*, at 1159.  The HOA has failed to show collateral estoppel and interests of comity

21  require that the requested discovery be protected.

22          To simplify the court's view as to *Rooker-Feldman*, collateral estoppel, and comity: Both

23  State and federal courts have jurisdiction over plaintiff's claims.  Plaintiff asked that the state courts

24  consider its claims.  The state courts declined on procedural grounds, never reaching the merits of

25  plaintiff's claims.  Plaintiff now requests that its other available forum, the federal courts, consider its

26  ORDER - 9

1   claims on the merits.  It is appropriate for the federal courts to do so.  The effect of the state court's

2   proceedings, if any, will be considered as part of the consideration of plaintiff's claims.

3               3.    *FED. R. CIV. P. 26(b)(4)(B)*

4           Fed. R. Civ. P. 26(b)(4)(B) provides that "[o]rdinarily, a party may not, by interrogatories or

5   deposition, discover facts known or opinions held by an expert who has been retained or specially

6   employed by another party in anticipation of litigation or to prepare for trial and who is not expected

7   to be called as a witness at trial."  As further consideration for the settlement in the underlying

8   litigation, Heatherwood gave the HOA its permission to use the opinions of various experts

9   Heatherwood had retained.  The HOA seeks an order preventing ISCOP from "discovering facts

10  known or opinions held by" those experts.  Dkt. 12.  Rule 26(b)(4)(B)(ii) does allow a party to

11  engage in such discovery "on a showing of exceptional circumstances under which it is impracticable

12  for the party to obtain facts or opinions on the same subject by other means."

13          The HOA's motion for a protective order should be granted as to the consulting experts.

14  ICSOP has not shown that exceptional circumstances exist.  In his Declaration, Mr. Dethlefs, P.E.,

15  S.E., indicates that he is the expert retained by ICSOP to investigate the "nature, source, timing, and

16  extent of alleged construction defects" and develop a scope and estimated cost of repair.  Dkt. 14-8,

17  at 14.  He states that "access to and review of the investigation files of the experts retained by the

18  developer/declarant is a critical component of [his] own investigation, and if [he] is not permitted to

19  conduct a full investigation of [his] own, the [HOA's] experts' investigation files become even more

20  important and essential in [his] own assessment of the appropriateness, completeness and accuracy of

21  the opinions and conclusions as discussed in those experts' reports."  *Id.*, at 15.  ICSOP has not

22  shown that the circumstances of the case are such that it is impracticable for it to obtain the facts or

23  opinions by other means.  However, this case is still in the early stages of litigation.  This protective

24  order may be revisited if, for example, ICSOP makes a showing of exceptional circumstances at a

25  later date, or if these consulting experts later become trial witnesses.

26  ORDER - 10

1            4.      *CONCLUSION ON PROTECTIVE ORDER*

2          The HOA's Motion for a Protective Order should be granted, in part, and denied, in part.  To

3    the extent that the HOA moves for an order protecting it's consulting experts from having to answer

4    discovery requests made by ICSOP, the motion should be granted.  It should be denied in all other

5    respects.

6                              **III.      ORDER**

7          It is now, **ORDERED** that:

8    •     Defendants' Motion to Strike (Dkt. 15)is **DENIED**;

9    •     Defendants' Motion for Protective Order (Dkt. 12), is **GRANTED** as to the consulting

10         experts and is **DENIED IN ALL OTHER RESPECTS**; and

11   •     The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of

12         record and to any party appearing *pro se* at said party's last known address.

13         DATED this 11th day of July, 2008.

14

15         ROBERT J. BRYAN
           United States District Judge

16

ORDER - 11